

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00304-CR

ELIONAI VASQUEZ                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                      STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1426592R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Elionai Vasquez attempts to appeal his September 1, 2015, conviction for aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B), (a)(2)(B) (West Supp. 2016). Vasquez pleaded guilty to the offense pursuant to a plea-bargain agreement, and in accordance with the plea bargain, he was sentenced to fifteen years' confinement. The trial court's

---

[1]*See* Tex. R. App. P. 47.4.

certification of his right to appeal states that this "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2).

On August 4, 2016, we sent Vasquez a letter stating that because no motion for new trial had been filed, his notice of appeal appeared to be untimely because it was due October 1, 2015, but was not filed until July 26, 2016. *See* Tex. R. App. P. 26.2(a)(1). The letter additionally stated that we may lack jurisdiction due to the trial court's certification that this was a plea-bargain case and because Vasquez had waived the right to appeal. *See* Tex. R. App. P. 25.2(a)(2). We notified Vasquez that his appeal could be dismissed based on our lack of jurisdiction unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal by August 15, 2016. *See* Tex. R. App. P. 25.2(d), 44.3. Appellant timely filed his response on August 12, 2016, but did not provide us with any basis of jurisdiction over his appeal.

Because we do not have jurisdiction over this appeal, and in accordance with the trial court's certifications, we dismiss Appellant's appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the appeal's merits and may take no action other than to dismiss the appeal).

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 26, 2016